```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/16/2015
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

MARIA LAMPLEY, CLAUDIA MELARA, and
DAWN SPRAGUE,

                        Plaintiffs,

          -against-

ALEXANDER ROJAS and
THE CITY OF NEW YORK,

                        Defendants.

------------------------------------------------------------------x

**STIPULATION OF SETTLEMENT**

14 Civ. 8832 (VEC) (RLE)

       **WHEREAS,** plaintiffs commenced this action by filing a Complaint on or about November 6, 2014, alleging that the defendants violated plaintiffs' federal civil and state common law rights; and

       **WHEREAS,** defendants City of New York and Alexander Rojas have denied any and all liability arising out of plaintiff's allegations; and

       **WHEREAS,** the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability; and

       **WHEREAS,** plaintiffs have authorized their counsel to settle this matter on the terms set forth below;

       **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned, as follows:

       1.    The above-referenced action is hereby dismissed against defendants, with prejudice, and without costs, expenses, or attorneys' fees except as specified in paragraphs "2" through "5" below.

2. Defendant City of New York hereby agrees to pay plaintiff Maria Lampley the sum of Three Hundred Eight Thousand Seven Hundred Fifty ($308,750.00) Dollars in full satisfaction of all claims, excluding claims for costs, expenses and attorneys' fees. In consideration for the payment of this sum, plaintiff agrees to dismissal of all the claims against the defendants and to release defendant City of New York; its successors or assigns; or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action alleging a violation of plaintiff's civil rights and any and all related state law claims, from the beginning of the world to the date of the General Release, excluding claims for costs, expenses, and attorneys' fees. The parties agree and understand that the payment to Lampley is made for alleged personal physical injuries and emotional distress damages and past and future medical expenses.

3. Defendant City of New York hereby agrees to pay plaintiff Dawn Sprague the sum of Three Hundred Eight Thousand Seven Hundred Fifty ($308,750.00) Dollars in full satisfaction of all claims, excluding claims for costs, expenses and attorneys' fees. In consideration for the payment of this sum, plaintiff agrees to dismissal of all the claims against the defendants and to release defendant City of New York; its successors or assigns; or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action alleging a violation of plaintiff's civil rights and any and all related state law claims, from the beginning of the world to the date of the General Release, excluding claims for costs, expenses, and attorneys' fees. The parties agree and understand that the payment to Sprague is made for alleged personal physical injuries and emotional distress damages and past and future medical expenses.

4.      Defendant City of New York hereby agrees to pay plaintiff Claudia Melara the sum of Two Hundred Thousand ($200,000.00) Dollars in full satisfaction of all claims, excluding claims for costs, expenses and attorneys' fees. In consideration for the payment of this sum, plaintiff agrees to dismissal of all the claims against the defendants and to release defendant City of New York; its successors or assigns; or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action alleging a violation of plaintiff's civil rights and any and all related state law claims, from the beginning of the world to the date of the General Release, excluding claims for costs, expenses, and attorneys' fees. For the avoidance of doubt, this General Release does not include Melara's claim against the City of New York, claim number 2015PD0011385, related to property damage to her personal vehicle. The parties agree and understand that the payment to Melara is made for alleged personal physical injuries and emotional distress damages and past and future medical expenses.

5.      Defendant Alexander Rojas hereby agrees to pay plaintiffs' Counsel, Law Office of Kevin Mintzer, P.C., the sum of Twelve Thousand Five Hundred ($12,500.00) Dollars in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees. Defendant Rojas agrees to make payments as follows: (1) lump sum payment of Five Thousand ($5,000.00) Dollars within 60 days of the date on which the within Settlement Agreement is finalized; and (2) the remaining balance of Seven Thousand Five Hundred ($7,500.00) on or before April 1, 2016. In consideration for the payment of this sum, plaintiffs agrees to dismissal of all the claims against the defendant Rojas and to release defendant Rojas from any and all liability, claims, or rights of action alleging a violation of plaintiffs' civil rights and any and all related state law claims, from the beginning of the world to the date of the General Release,

including claims for costs, expenses, and attorneys' fees. Defendant Rojas agrees that in the event that he misses either payment, he will additionally pay attorneys' fees and costs incurred in connection with any enforcement or other action that plaintiffs' Counsel undertakes to collect the payment(s).

6. Plaintiffs shall execute and deliver to defendant City of New York's attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph "2" above and an Affidavit of Status of Liens. Prior to tendering the requisite documents to effect this settlement, Medicare-recipient plaintiffs must obtain and submit a final demand letter from Medicare for the reimbursement of any conditional payments made by Medicare for any injury or condition that is the subject of this lawsuit. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. § 1395y(b) and 42 C.F.R. §§ 411.22 through 411.26.

7. Defendant City of New York agrees to make all payments to Plaintiffs described above within 90 days from the date the Stipulation and Order of Dismissal is so-ordered by the Court.

8. Nothing contained herein shall be deemed to be an admission by the defendants that they have in any manner or way violated plaintiffs' rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules or regulations of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations, except to enforce the terms of this agreement.

9. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

10. Plaintiffs agree to hold harmless defendants regarding any liens or past and/or future Medicare payments, presently known or unknown, in connection with this matter. If conditional and/or future anticipated Medicare payments have not been satisfied, defendants reserve the right to issue a multiparty settlement check naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

11. This Stipulation of Settlement contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation of Settlement regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York
       September 11, 2015

LAW OFFICE OF KEVIN MINTZER, P.C.
*Attorneys for Plaintiffs*
1350 Broadway, Suite 1400
New York, New York 10018

By: _____
    Kevin Mintzer, Esq.
    *Attorney for Plaintiffs*

CUTI HECKER WANG, LLP
*Attorneys for Plaintiffs*
305 Broadway, #607
New York, New York 10007

By: _____
    Mariann Wang, Esq.
    *Attorney for Plaintiffs*

ZACHARY W. CARTER
Corporation Counsel of the
City of New York
*Attorneys for Defendant City of New York*
100 Church Street, 3rd Floor
New York, New York 10007

By: _____
    Virginia J. Nimick
    *Senior Counsel*

KARASYK & MOSCHELLA, LLP
*Attorneys for Defendant Rojas*
233 Broadway, Suite 2340
New York, New York 10279

By: _____
    James M. Moschella, Esq.
    *Attorney for Alexander Rojas*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

MARIA LAMPLEY, CLAUDIA MELARA, and
DAWN SPRAGUE,

                                  Plaintiffs,

        -against-

ALEXANDER ROJAS and
THE CITY OF NEW YORK,

                                  Defendants.

------------------------------------------------------------------- x

**STIPULATION AND ORDER OF SETTLMENT OF ATTORNEY'S FEES, EXPENSES, AND COSTS**

14 Civ. 8832 (VEC) (RLE)

        **WHEREAS,** plaintiffs commenced this action by filing a Complaint on or about November 6, 2014, alleging that the defendants violated plaintiffs' federal civil and state common law rights; and

        **WHEREAS,** defendants City of New York and Alexander Rojas have denied any and all liability arising out of plaintiff's allegations; and

        **WHEREAS,** plaintiffs' counsel represents that plaintiffs have assigned all of their rights to attorney's fees, expenses and costs, to their counsel, the Law Office of Kevin Mintzer, P.C. and Cuti Hecker Wang, LLP; and

        **WHEREAS,** counsel for defendant City of New York and counsel for plaintiffs now desire to resolve the issue of attorney's fees, expenses, and costs without further proceedings;

        **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned, as follows:

1.      Defendant City of New York hereby agrees to pay plaintiff's counsel, the Law Office of Kevin Mintzer, P.C., the total sum of Two Hundred Forty-Five Thousand ($245,000.00) Dollars in full satisfaction of plaintiffs' claims for attorney's fees, expenses, and costs. In consideration for the payment of Two Hundred Forty-Five Thousand ($245,000.00) Dollars, counsel for plaintiffs agrees to release and discharge defendant City of New York; its successors or assigns; and all past and present officials, employees, representatives, and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, from any and all claims of attorney's fees, expenses, and costs that were or could have been claimed or alleged in the aforementioned action.

2.      Defendant City of New York hereby agrees to pay plaintiff's counsel, Cuti Hecker Wang, LLP, the total sum of One Hundred Seventy-Five Thousand ($175,000.00) Dollars in full satisfaction of plaintiffs' claims for attorney's fees, expenses, and costs. In consideration for the payment of One Hundred Seventy-Five Thousand ($175,000.00) Dollars, counsel for plaintiffs agrees to release and discharge defendant City of New York; its successors or assigns; and all past and present officials, employees, representatives, and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, from any and all claims of attorney's fees, expenses, and costs that were or could have been claimed or alleged in the aforementioned action.

3.      Counsel for plaintiffs hereby agrees and represents that no other claims for attorney's fees, expenses, or costs arising out of this action shall be made by or on behalf of plaintiffs in any application for attorney's fees, expenses or costs at any time.

4.       Defendant City of New York agrees to make all payments to Counsel described above within 90 days from the date the Stipulation and Order of Dismissal is so-ordered by the Court.

5.       Nothing contained herein shall be deemed to be an admission by the defendants that they have in any manner or way violated plaintiffs' rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules or regulations of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations, except to enforce the terms of this agreement.

6.       This Stipulation of Settlement contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation of Settlement regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York
       September  11 , 2015

LAW OFFICE OF KEVIN MINTZER, P.C.
*Attorneys for Plaintiffs*
1350 Broadway, Suite 1400
New York, New York 10018

By: _____
Kevin Mintzer, Esq.
*Attorney for Plaintiffs*

CUTI HECKER WANG, LLP
*Attorneys for Plaintiffs*
305 Broadway, #607
New York, New York 10007

By: _____
Mariann Wang, Esq.
*Attorney for Plaintiffs*

ZACHARY W. CARTER
Corporation Counsel of the
City of New York
*Attorneys for Defendant City of New York*
100 Church Street, 3rd Floor
New York, New York 10007

By: _____
Virginia J. Nimick
*Senior Counsel*

SO ORDERED.

*[signature]*

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

Date: 9/16/2015